940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas J. LOWRANCE, Plaintiff-Appellant,
v.
Stephen J. HACKER, Defendant-Appellee.
 No. 90-1457.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1991.
Decided July 31, 1991.
 
 Before WOOD, JR., and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has a long and complicated history, but because we need not address the merits of this appeal we will set forth only those facts pertinent to our decision. In 1985, plaintiff-appellant Thomas Lowrance ("Lowrance") filed suit in Cook County against defendant-appellee Stephen Hacker ("Hacker") seeking recovery of a debit balance in Hacker's commodities trading account. Upon Hacker's petition, the suit was removed to federal district court based upon diversity jurisdiction. 28 U.S.C. Sec. 1332. Following a bench trial, judgment was entered in favor of Lowrance in the amount of $39,309.30 plus interest and that judgment was affirmed on appeal. Lowrance v. Hacker, 866 F.2d 950 (7th Cir.1989).
 
 
 2
 Lowrance instituted a garnishment proceeding to enforce his judgment and in October 1987 a garnishment summons was served on Stotler and Company ("Stotler") as custodian of a customer account allegedly owned by Hacker. In November 1987, Hacker filed a motion to quash the garnishment. The district court then referred the post-judgment proceedings to a magistrate judge. While various motions concerning the garnishment were pending before the magistrate judge, Hacker acquired an assignment of a judgment which had been rendered against Lowrance in favor of plaintiff Commonwealth Commodities Corporation in September 1986 in Cook County, Illinois (the "Commonwealth judgment"). The amount of the Commonwealth judgment exceeded $150,000.
 
 
 3
 At a May 1989 hearing before the magistrate judge, Hacker, as assignee of the Commonwealth judgment, sought to set-off that judgment against the judgment obtained by Lowrance against Hacker. Lowrance informed the magistrate judge that he owed delinquent taxes to the Internal Revenue Service ("IRS") and that he had assigned his rights in the judgment against Hacker to the IRS. Stotler, the garnishee, then sought to interplead the IRS because of its lien on Lowrance's assets. In her Report and Recommendation of September 15, 1989, the magistrate judge recommended, inter alia, that Hacker's motion for set-off be granted and the interpleader action be dismissed. The district judge then issued an order on January 30, 1990 affirming and adopting the Report and Recommendation of the magistrate judge. It is from this order that Lowrance appeals.
 
 
 4
 The only argument advanced by Lowrance on appeal is that the IRS is entitled to the proceeds of the garnishment pending against Hacker because of its lien on Lowrance's assets.[1] The arguments not advanced by Lowrance are also significant for purposes of our analysis. He does not attack the propriety of offsetting the judgments. Nor does Lowrance argue that he will be harmed in any way as a result of the district court order allowing set-off of the judgments. His appeal is merely an attempt to assert the rights of the IRS and this he cannot do.
 
 
 5
 It is undisputed that Lowrance had standing as the plaintiff in the district court. However, there must be a "live controversy at every stage of the litigation." In re Deist Forest Products, Inc., 850 F.2d 340, 342 (7th Cir.1988). See also Foster v. Center Township of LaPorte County, 798 F.2d 237, 245 (7th Cir.1986). The first element of the standing inquiry requires a litigant to satisfy the "case or controversy" requirement of Article III by alleging "an injury to himself that is likely to be redressed by a favorable decision." Penny Saver Publications, Inc. v. Village of Hazel Crest, 905 F.2d 150, 154 (7th Cir.1990). See also Allen v. Wright, 468 U.S. 737, 751 (1984); FMC Corp. v. Boesky, 852 F.2d 981, 987 (7th Cir.1988). In his appeal, Lowrance has not alleged any injury to himself. He simply argues that the IRS is entitled to the proceeds of the garnishment against Hacker. Lowrance does not dispute the validity of the Commonwealth judgment. Therefore, regardless of which debt is reduced by the garnishment proceeds--the IRS lien or the Commonwealth judgment--Lowrance remains in the same financial position. Although Lowrance may have personal or financial reasons for seeking to reduce the IRS lien first, he has not asserted those reasons on appeal. Because Lowrance has not alleged any actual or threatened injury to himself, we need not analyze the redressability component of the standing inquiry.
 
 
 6
 Even if Lowrance had alleged an injury sufficient to satisfy the constitutional requirements for standing, he would still lack the standing necessary for this court to adjudicate the issue he now raises. Prudential limitations on standing require that a litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). See also Deist Forest Products, 850 F.2d at 341; Fire Equipment Mfrs.' Ass'n. v. Marshall, 679 F.2d 679, 681 (7th Cir.1982), cert. denied, 459 U.S. 1105 (1983). Lowrance's mere desire to protect the interests of the IRS does not confer standing on him to allow this court to adjudicate his claim. He does not raise any issue asserting his own rights or interests with respect to the district court order from which he appeals. Lowrance attempts to assert the rights of a third party--the IRS--and in so doing he has failed to provide a "controversy" between himself and the appellee, Hacker.
 
 
 7
 For the foregoing reasons, this appeal is dismissed for lack of standing.
 
 
 
 [1]
 Included in Lowrance's "Statement of Issues Presented for Review" is an argument that the district court erred in dismissing as moot the question of pre-judgment interest (apparently relating to his judgment against Hacker). However, Lowrance does not address this issue in his brief, nor does he assert any legal authority to support his position. Likewise, we will not address the issue